UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHY TRAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-01080-K |
| | § | |
| CITY OF GLENN HEIGHTS, TEXAS | § | |
| and THOMAS CHANEY, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss and, Alternatively, Rule 12(e) Motion for More Definite Statement ("the Motion") (Doc. No. 23) filed on July 22, 2013. The Court has reviewed the motion, the briefing, and the applicable law. The Court hereby **GRANTS** the Motion. Plaintiff's Section 1983 claims are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Because the Court lacks diversity or federal question jurisdiction over her remaining state law claims, and the Court declines to exercise its supplemental jurisdiction, all remaining state-law claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

I.     **Factual and Procedural Background**

On November 18, 2010, Cathy Travis ("Travis") appeared as a witness for a court proceeding in Glenn Heights, Texas. Travis alleges that Police Officer Thomas Chaney ("Chaney") moved her chair as she sat down. No longer having a chair to support her, Travis fell and hit her head. She alleges this fall caused numerous injuries. On November

16, 2012, Travis filed this lawsuit in the 193rd Judicial District Court of Dallas County, Texas against the City of Glenn Heights, Texas ("the City"). She alleged only a violation of the Texas Tort Claims Act and sought damages for her medical expenses, pain and suffering, mental anguish, and physical impairment. After the City filed a plea to the jurisdiction, Travis amended her pleadings to add Chaney as a defendant and bring a claim under 42 U.S.C. § 1983 alleging Chaney used excessive force in violation of her Fourth amendment rights. She also generically alleged violations of her Fifth and Eighth Amendment rights. The City subsequently removed the case to this Court where it filed this Motion.

The Defendants argue that the Court should: (1) dismiss the claims against Chaney pursuant to Federal Rule of Civil Procedure 12(b)(1), because they are barred by Section 101.106(e) of the Texas Civil Practice and Remedies Code; (2) dismiss Travis's Section 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead any fact that would support a finding that her constitutional rights were violated; (3) dismiss the state claims against the City pursuant to Rule 12(b)(1) or 12(b)(6) as the City's governmental immunity has not been waived; and, if the claims are not dismissed, (4) order Travis to amend her complaint pursuant to Federal Rule of Civil Procedure 12(e) to clarify her claims and address the inconsistencies in her complaint.

**II. Travis's Section 1983 Claims are Dismissed for Failure to State a Claim.**

    **A.    Travis has failed to state a claim upon which relief can be granted.**

Travis alleges that Chaney violated the Fourth Amendment by using excessive force in seizing her person. She also broadly alleges generic violations of her Fifth and Eighth Amendment rights. In order to survive this Motion, Travis's pleading must contain "a short and plain statement of the claim showing that [she] is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). While this does not require detailed facts, it requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will survive a 12(b)(6) motion if, when accepted as true, the facts alleged are sufficient to allege a claim for relief that is plausible on its face. *Id.* When facts are pled that allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct, the claim has facial plausibility. *Id.* The Supreme Court has evaluated this plausibility standard by analyzing whether the complained of conduct was more likely explained by, or even simply compatible with, an alternate, lawful act. *Id.* at 680. The complaint must show more than the "mere possibility of misconduct" to survive a motion to dismiss. *Id.* at 679. While the Court must accept the allegations in the complaint as true, the same is not true for legal conclusions. *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Before evaluating the merits of the Motion, the Court takes note of the elements Travis must plead to state a claim for recovery under Section 1983. *See id.* at 675; *Twombly*, 550 U.S. at 553–54. Her primary Section 1983 claim is that Chaney used excessive force in violation of her Fourth Amendment right to be free of an unreasonable seizure of her person. Travis correctly recognizes that, because she was a free citizen at the time in question, it is the Fourth Amendment's reasonableness standard that governs her excessive force claim. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The threshold question is whether a seizure has occurred. *See id.* at 396. A seizure of the person occurs if there is actual physical restraint by an officer or a citizen submission to a governmental show of authority. *California v. Hodari D.*, 499 U.S. 621, 624–26 (1991). If a seizure has occurred, then the Court asks "whether the officer's actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397.

Having established what Travis must allege to survive the Motion, the Court turns to Travis's pleadings to determine what allegations are factual in nature and entitled to be accepted as true. The Court finds that the only factual allegation remotely related to the question of whether Travis was seized is that she was making a court appearance when Chaney moved her chair causing her to fall and hit her head. The following allegations concerning the alleged seizure amount to nothing more than recitations of elements of a cause of action and conclusory statements: (1) that Chaney's acts "amount to an excessive and/or unnecessary use of force"; (2) that this use of force was objectively

unreasonable; (3) that this force was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm"; (4) that Chaney and the City deprived Travis of her Fourth Amendment rights; (5) that she was "unlawfully manhandled and harmed . . . from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable . . . ." The remainder of the complaint is several pages of variations on this theme of bare, conclusory statements completely devoid of any factual allegation other than Chaney moved a chair. As with *Twombly* and *Iqbal*, the Court disregards these allegations not because they are unrealistic, but because of their conclusory nature. *Iqbal*, 556 U.S. at 681.

When observed through the lens of *Twombly* and *Iqbal*, the single assertion that Chaney moved Travis's chair does not plausibly suggest a seizure of her person, much less that excessive force was used. While Travis steadfastly claims that pulling a chair out from under someone is a seizure, she cites no case law for the proposition, and the Court finds the assertion to lack any merit. Though the plaintiff has put in issue the question of whether or not there was a seizure, she has directed the Court to only three cases on this particular issue. Only two of those actually involved a seizure. In both of those situations the seizure did not occur until the officer physically took hold of the arrestee and prevented further movement. *Hodari D.*, 499 U.S. at 629 (finding that a seizure did not occur until defendant was tackled by the police officer); *Terry v. Ohio*, 392 U.S. 1, 19 (1968) (finding that a seizure did not occur until the officer took hold of the defendant).

5

Several pre-*Twombly* and pre-*Iqbal* cases are no more helpful to Ms. Travis. In one such case, *Brower v. County of Inyo*, the Supreme Court reviewed a granted 12(b)(6) motion in a Section 1983 case. 489 U.S. 593, 594 (1989). The Court analyzed the pleadings under the old, less stringent *Conley v. Gibson* standard. *Id.* There, the Supreme Court found that the plaintiffs had sufficiently alleged a Fourth Amendment seizure by pleading that law enforcement officers "(1) caused an 18-wheel tractor-trailer to be placed across both lanes of a two-lane highway in the path of [plaintiff's] flight, (2) 'effectively concealed' this roadblock by placing it behind a curve and leaving it unilluminated, and (3) positioned a police car, with its headlights on, between [plaintiff's] oncoming vehicle and the truck, so that [plaintiff] would be 'blinded' on his approach." *Id.* The *Brower* plaintiffs further alleged that the collision was fatal. *Id.* Just like the police detentions in *Terry* and *Hodari D.*, the fatality in the *Brower* pleadings was a physical restraint.

In contrast to *Terry*, *Hodari D.*, and *Brower*, Travis has not pled any actual restraint, that she submitted to a show of governmental authority, or that she did not feel she was free to disregard the police and go about her business. Standing alone, moving Travis's chair certainly does not suggest that a seizure occurred. This fact, even when accepted as true, is also compatible with Chaney's negligence. The Court notes, in fact, that Travis's own conclusory allegations include the claim that her injuries were the result of Chaney's "negligent conduct." While this may indicate that a tort has occurred, it does not plausibly show the restraint of Ms. Travis that is required for a Fourth

6

Amendment violation. *See Brower,* 489 U.S. at 596. Simply put, Travis's complaint does not permit the Court to reasonably infer that she was restrained by Chaney's act. Because Travis has failed to move her claim from the realm of the possible into facial plausibility, she has failed to state a claim for a violation of her Fourth Amendment rights.

Travis's Fifth and Eighth Amendment claims must also be analyzed. The Court notes that Travis failed to specifically plead what violation of these rights may have occurred, failed to plead any facts that might suggest a violation of these rights, and failed to address these points in her response to the Motion. In light of Travis's inattention to these claims, this Court will not strain to find inferences favorable to her claims when there are none apparent on the face of the record. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Because Travis has failed to plead any facts that make her Fourth, Fifth, or Eighth Amendment claims plausible, her Section 1983 claims against Defendants fail to state a claim upon which relief can be granted.

**B.     Travis's request for leave to amend is denied, and her Section 1983 claims are dismissed with prejudice.**

The Court next turns to Travis's request for leave to amend. Her request simply states that she "requests leave to amend Plaintiff's live complaint to correct such deficiencies prior to dismissal by this Court." Pl.'s Resp. to Defs.' Mot. To Dismiss and in the Alternative Mot. For More Definite Statement 9 (Doc. No. 28). Whether or not to grant leave to amend is a matter firmly within the discretion of the Court. *Pervasive Software Inc. v. Lexware GmbG & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). The Court

first notes that Travis has already been granted leave to amend once. Order Granting Pl.'s Opposed Mot. for Leave to File Pl.'s Second Am. Compl. (Doc. No. 19). Additionally, she has failed to tell the Court what facts she could allege that would allow her to state a claim upon which relief could be granted. Because she has had the opportunity to amend and has failed to alert the Court to any additional facts that would cause her complaint to survive this Motion, her request for leave to amend is denied. *See id.*

**III. Travis's State Claims are Dismissed for Lack of Subject Matter Jurisdiction.**

The Court next considers the effect of the dismissal of Travis's federal claims on the remaining Texas Tort Claims Act allegations. These state-law claims are before the Court based on the Court's supplemental jurisdiction, because they arise from the same case or controversy as her Section 1983 claims. 28 U.S.C. § 1367(a). Having dismissed all of the claims over which the Court had original jurisdiction, Travis's remaining claims are dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

**IV. Conclusion**

For the reasons stated above, the Motion is hereby **GRANTED**; Travis's request for leave to amend is **DENIED**. The Court **ORDERS** that Travis's Section 1983 claims are **DISMISSED with prejudice** and her remaining state-law claims are **DISMISSED without prejudice**.

**SO ORDERED**

Signed October 3rd, 2013

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE